UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

DONNA PARKS,
                Plaintiff
   v.

NCL (Bahamas) Ltd., A Bermuda Company
d/b/a Norwegian Cruise Line,

                Defendant.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff hereby sues the Defendant and files this Complaint for Damages, and says:

**THE PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF**. The Plaintiff, DONNA PARKS, is a permanent resident and citizen of Weld County, Colorado. The Plaintiff at the time of the subject incident was a passenger onboard the *Norwegian Pearl*, a cruise ship owned and operated by the Defendant.

3. **THE DEFENDANT**. The Defendant, NCL (Bahamas) Ltd., A Bermuda Company d/b/a Norwegian Cruise Line NCL (hereinafter referred to as NCL or Defendant or the cruise line), has its principal place of business in Miami, Florida. NCL is incorporated outside the state of Florida, but does business in the State of Florida, and at all times material hereto was and is

1

doing business in Miami-Dade County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333. This action is being filed in the Federal District Court for the Southern District of Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All **conditions precedent** for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on Monday, May 9, 2011 at approximately 9:00 p.m.

8. **LOCATION OF INCIDENT.** This incident occurred on the vessel *Norwegian Pearl*, owned and operated by the Defendant, a ship in navigable water while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the incident occurred in the Bliss lounge on or near the dance floor onboard the *Norwegian Pearl*.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof. The Defendant though its experience as a club operator of these ships knows that it is crucial to properly maintain safe flooring in and around the dance floor of these clubs, because the clubs and dance floor areas are usually dimly lit and because passengers, much like the Plaintiff herein, will dance on the floor and step off the dance floor. The defendant knows therefore that it is crucial in this setting to inspect, maintain, prepare and replace carpet around the dance floors of these clubs.

10. **DESCRIPTION OF THE INCIDENT.** The Defendant is a cruise line which operates 11 cruise ships worldwide. The Defendant operates clubs, restaurants, discos and other facilities on each of these ships. The Defendant through its experience as a club operator knows that it is crucial to properly maintain safe flooring in and around the dance floor of these clubs because the clubs and dance floor areas are usually dimly lit and because passengers--much like

the Plaintiff herein—will dance on the floor and step off of the dance floor. The Defendant knows therefore that it is crucial in this setting to inspect, maintain, repair, and replace carpet around the dance floors of these clubs.

11. The Defendant also owns and operates the Norwegian Pearl cruise ship and the Bliss Lounge onboard that cruise ship. In the Bliss Lounge, the defendant has a slick resin dance floor and carpet which surrounds the dance floor. The Defendant knows that the dance floor area is usually dimly lit as it was when the subject incident happened. The Defendant also knows that it is important to maintain the dance floor and the carpet surrounding the dance floor and the attachment of the carpet to the edging around the dance floor in order to prevent trips and falls. However, for an extended period of time before May 9, 2011, the carpet surrounding the dance floor of the Bliss Lounge was detached from the edging around the dance floor. The detachment of the carpet caused a gap to occur between the carpet and the dance floor and caused the carpet to rise up from the floor causing a tripping hazard.

12. The gap and the raised portion of the carpet had been in that condition for an extended period of time before this incident. Evidence of that fact is that the carpet separated from the flooring, the carpet rose up above the floor, and the edges of the detached carpet were frayed and worn.

13. The Plaintiff, on May 9, 2011, while a passenger onboard the *Norwegian Pearl* was dancing in the Bliss Lounge on the dance floor. As the Plaintiff moved off of the dance floor, a part of her foot became trapped by the gap created by the edge of the carpet which was detached from the edging around the dance floor causing the Plaintiff to fall. The Plaintiff naturally extended her arm to catch herself. When the Plaintiff's hand and arm hit the floor, her lower arm was severely fractured. This injury has required an open surgery with insertion of plates and screws. The

Plaintiff as a result of this incident and the injuries caused by the negligence of the cruise line has suffered significant, debilitating, and permanent injuries.

14. This accident was reported immediately after it occurred. The safety and/or security officers came to the scene of the accident after it happened. One of the officers put his fingers within this gap and raised the carpet up while the other officer took a photograph of the raised up portion with the frayed ends.

## COUNT I
## NEGLIGENCE

15. The Plaintiff, DONNA PARKS, hereby adopts and realleges each and every allegation in paragraphs 1 through 14, above.

16. **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendants "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

17. The Defendant breached those duties and was negligent by:

   a. Failure to inspect carpet and dance floor area in the Bliss Lounge for fraying and pulled sections of the carpet;

   b. Failure to fix and repair carpets surrounding the dance floor when it becomes evident that such carpet is in need of repair;

5

    c. Failure to have in place maintenance program which is reasonable on those circumstances for the carpet surrounding the dance floor;

    d. Failure to warn dancers on the dance floor that the carpet has become detached or would become detached from the edging on the dance floor;

    e. Failure to inspect on a regular basis the carpet surrounding the dance floor

    f. Failure to maintain logs or records of inspections of the carpet surrounding the dance floor;

    g. Failure to otherwise maintain a safe dance floor and area surrounding the dance floor such that the dancer can dance on the floor and move on and off the floor, as the cruise line would anticipate that they do and remain safe and free from a tripping hazard;

18. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above in which the Plaintiff was severely injured.

19. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

20. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

21. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

22. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

23. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

24. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have

been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

   s/ John H. Hickey_____
John H. Hickey (FBN 305081)
Hickey@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile:  (305)371-3542)
*Attorneys for the Plaintiff, Donna Parks*